**UNITED STATES DISTRICT COURT EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| PATRICIA TURNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:26-CV-139 |
| | § | |
| THE GOODYEAR TIRE & RUBBER COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant The Goodyear Tire & Rubber Company's ("Goodyear") Motion for Leave to Designate Responsible Third Party (#16). While the certificate of conference included in Goodyear's motion indicates that Plaintiff Patricia Turner ("Turner") is opposed to the relief sought, she has not filed a response. Having considered the motion, the record, and the applicable law, the court is of the opinion that the motion should be granted.

I. <u>Background</u>

The events giving rise to this personal injury action occurred on or about September 29, 2024. In her petition (#1-3), Turner contends that she was delivering a load of goods to the Goodyear plant located at 211357 Interstate 10, Beaumont, Texas. While at the Goodyear plant, Turner claims that she slipped and fell on the stairs in Goodyear's breakroom because the stairs were unstable and unsecured. Turner asserts causes of action for negligence, premises liability, and gross negligence against Goodyear.

On September 17, 2026, Goodyear filed the pending motion to designate Trimac Transportation Inc. ("Trimac") as a responsible third party. Goodyear asserts that Trimac

employed Turner as a driver at the time of the alleged fall and that Turned fell on the stairs to Trimac's office—not Goodyear's breakroom. Goodyear further maintains that Trimac was responsible for inspecting its work area, including the office and stairs where the incident allegedly occurred, and promptly notifying Goodyear of any hazards or maintenance needs. Goodyear alleges that Trimac did not report any issues related to the office stairs to Goodyear, as required by the plant's Safety Rules.

II. Analysis

In every cause of action based in tort under Texas law, the trier of fact is required to apportion responsibility among each claimant, defendant, settling person, and "responsible third party." TEX. CIV. PRAC. & REM. CODE §§ 33.002(a)(1), 33.003(a); *accord Est. of Pruitt v. Asphalt Zipper, Inc.*, No. 21-50717, 2022 WL 2826450, at *3 (5th Cir. July 20, 2022); *Croix v. Provident Tr. Grp., LLC,* No. 1:19-CV-102-AWA, 2020 WL 3316994, at *2 (W.D. Tex. June 18, 2020) (acknowledging that the proportionate responsibility statute "allows a defendant sued in tort to designate [a third party], so [its] fault can be considered by the fact-finder in apportioning responsibility"); *Giles v. GD Midea Env't Appliances MFG Co.*, No. 4:18-CV-987, 2020 WL 913644, at *1 (S.D. Tex. Jan. 31, 2020). A "responsible third party" is defined as:

> [A]ny person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these.

TEX. CIV. PRAC. & REM. CODE § 33.011(6); *accord Pearl v. United States*, No. 6:24-CV-018-H, 2026 WL 2587652, at *13 (N.D. Tex. Aug. 20, 2026); *Croix,* 2020 WL 3316994, at *2; *Giles*, 2020 WL 913644, at *1; *K&K Inez Props., LLC v. Kolle*, 741 S.W.3d 83, 91 (Tex. May 22,

2026). Section 33.004 of the Texas Civil Practice and Remedies Code allows a defendant to "seek to designate a person as a responsible third party by filing a motion for leave to designate . . . on or before the 60th day before the trial date." TEX. CIV. PRAC. & REM. CODE § 33.004(a); *see Withers v. Schneider Nat'l Carriers, Inc.*, 13 F. Supp. 3d 686, 687 (E.D. Tex. 2014); *Axxiom Mfg., Inc. v. McCoy Inv., Inc.*, 846 F. Supp. 2d 732, 754 (S.D. Tex. 2012); *In re Coppola,* 535 S.W.3d 506, 507 (Tex. 2017); *In re Bertrand*, 602 S.W.3d 691, 702 (Tex. App.—Fort Worth 2020, no pet.).

The purpose of § 33.004 is to allow the trier of fact to allocate responsibility among all parties responsible for a claimant's injuries, "despite the fact that [a] party has a defense to liability or is not a proper party." *Croix*, 2020 WL 3316994, at *2 (citing *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 869 n.6 (Tex. 2009)). "Even parties 'who are not subject to the court's jurisdiction or who are immune from liability to the claimant' can be designated responsible third parties under the statute." *Fisher v. Halliburton*, 667 F.3d 602, 622 (5th Cir. 2012) (quoting *In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 61 (Tex. App.—Houston [1st Dist.] 2005, no pet.)); *accord Croix*, 2020 WL 3316994 at *2.

Section 33.004(f) obligates courts to grant leave "unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served." TEX. CIV. PRAC. & REM. CODE § 33.004(f); *see Croix,* 2020 WL 3316994, at *4; *Liberty Ins. Corp. v. Caterpillar Inc.*, No. SA-13-CV-83-XR, 2013 WL 3166616, at *2 (W.D. Tex. June 20, 2013); *In re Mobile Mini, Inc.*, 596 S.W.3d 781, 784 (Tex. 2020). To prevail on a challenge to the designation of a responsible third party, the objecting party bears the burden of demonstrating that the designation is improper. TEX. CIV. PRAC. & REM. CODE § 33.004(g). When an objection is

timely filed, courts may deny leave only if the objecting party establishes that the defendant failed to plead "sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure." TEX. CIV. PRAC. & REM. CODE § 33.004(g)(1).

Here, more than fifteen days have passed since Goodyear filed its motion and Turner has not filed an objection. *See* TEX. CIV. PRAC. & REM. CODE § 33.004(f) ("A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served."). Moreover, the motion is filed on or before the sixtieth day before the trial date, as well as before the deadline established in the court's scheduling order to join new parties and amend pleadings (#10). *See* TEX. CIV. PRAC. & REM. CODE § 33.004(a). Goodyear further avers that it disclosed Trimac as a potential responsible third party in its Supplemental Initial Disclosures, served on September 9, 2026.

In the absence of an objection by Turner, Goodyear's motion should be granted. *See Croix,* 2020 WL 3316994, at *4; *Liberty Ins. Corp.,* 2013 WL 3166616, at *2 ("Since no objections to the motion were filed . . . the Court must grant the motion pursuant to section 33.004(f)."); *In re Mobile Mini, Inc.*, 596 S.W.3d at 784; *In re Bertrand*, 602 S.W.3d at 696; *cf.* E.D.T.X. LOCAL RULE CV-7(d) ("A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.").

III. Conclusion

In accordance with the foregoing analysis, Goodyear's Motion for Leave to Designate Responsible Third Party (#16) is GRANTED.

SIGNED at Beaumont, Texas, this 23rd day of October, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE